**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FAROOQ JOHN,**

       **Plaintiff,**

  vs.                                      **1:16-cv-00256**

**SOUNDVIEW HOME LOAN TRUST 2006-OPT3, ASSET-BACKED CERTIFICATES, SERIES 2006-OPT3, and OCWEN LOAN SERVICING, LLC,**

       **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff Farooq John commenced this action *pro se* asserting breach of contract claims, and seeking declaratory relief, related to a note and mortgage on his property located in Rensselaer, New York. *See* Complaint, dkt. # 1. Defendants, Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-OPT3, Asset-Backed Certificates, Series 2006-OPT3 ("Deutsche Bank"),[1] and Ocwen Loan Servicing, LLC ("Ocwen" and, collectively with Deutsche Bank, the "Defendants"), move to dismiss

---

[1] The Complaint names Soundview Home Loan Trust 2006-OPT3, Asset-Backed Certificates, Series 2006-OPT3 as a defendant in this case. Because Plaintiff clearly intended to name the trustee, rather than the trust itself, *see* Complaint, ¶ 5 ("[Soundview Home Loan Trust] is being named in this action as a legal trustee and is the real party to this action."), Deutsche Bank has appeared, through counsel, to defend on behalf of the trust.

1

Plaintiff's Complaint with prejudice. Dkt. #7.  Plaintiff opposes the motion and indicates a desire to file an Amended Complaint. Dkt. #11.

The Court has advised the parties that it will decide the instant motion on the submissions alone.  For the reasons that follow, the motion is granted, but Plaintiff is granted leave to file an amended complaint.

## II.  BACKGROUND

Plaintiff is the owner of certain real property located at 8 Linden Avenue, Rensselaer, New York (the "Property"). Complaint, ¶ 1. On February 8, 2006, Plaintiff executed a note in the amount of $162,400 (the "Note"). *Id.*, ¶ 15; *see* Declaration of Brett L. Messinger ("Messinger Decl."), Ex. A (attaching a copy of the Note).  The Note was secured by a mortgage on the Property (the "Mortgage").  Messinger Decl., Ex. B.   Soundview Home Loan Trust 2006-OPT3, Asset-Backed Certificates, Series 2006-OPT3, a Real Estate Management Investment Conduit (REMIC) trust, is the current owner of the Note and Mortgage.  Complaint, ¶ 36.  Deutsche Bank serves as trustee of the trust. Messinger Decl., ¶ 6.  Ocwen is the servicer of the Mortgage. Complaint, ¶ 50.  In his Complaint, Plaintiff alleges that, as a result of the securitization process, Defendants have both breached the Note and rendered the Mortgage void by allegedly "separating" it from the Note.

## III.  STANDARD OF REVIEW

On a Rule 12(b)(6) motion, the Court must  accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted).  This tenet does not apply to legal  conclusions, non-factual matter, or "conclusory statements" set forth

in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 -79 (2009).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  The Court may review "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference, as well as public disclosure documents required by law to be, and that have been, filed with the [government agencies], and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*   While Rule 8(a)(2) "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-harmed-me-accusation." *Id.* (citation and internal quotation marks omitted).  A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A complaint which "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* (citation omitted).  A plaintiff must show "more than a sheer possibility that a defendant acted unlawfully," *id.*, and cannot rely on mere "labels and

conclusions" to support a claim, *Twombly*, 550 U.S. at 555.  If the plaintiff's pleadings "have not nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  Accordingly, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).  The Court is not, however, required to give credence to a plaintiff's conclusory allegations.  *See Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001)(citing *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)).

**IV.   DISCUSSION**

### a.  Breach of Contract Claims

Plaintiff's breach of contract claims (Count I) arise under a process related to residential mortgage loans known as securitization.  As explained by the Second Circuit, "[r]esidential mortgage loans, rather than being retained by the original mortgagee, may be pooled and sold 'into trusts created to receive the stream of interest and principal payments from the mortgage borrowers.  The right to receive trust income is parceled into certificates and sold to investors, called certificate holders.  The trustee hires a mortgage servicer to administer the mortgages by enforcing the mortgage terms and administering the payments.  The terms of the securitization trusts as well as the rights, duties, and obligations of the trustee, seller, and servicer are set forth in a Pooling and Servicing Agreement....'" *Rajamin*

*v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 81-82 (2d Cir. 2014)(quoting *BlackRock Financial Management Inc. v. Segregated Account of Ambac Assurance Corp.*, 673 F.3d 169, 173 (2d Cir. 2012)).  For the reasons that follow, Plaintiff's breach of contract claims must be dismissed.

### 1. Failure to Allege A Breach by Either Defendant

Under New York law,[2] to succeed on a breach of contract claim, the Plaintiff must show: "(1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages." *Swan Media Grp., Inc. v. Staub*, 841 F. Supp. 2d 804, 807 (S.D.N.Y. 2012).  Plaintiff alleges that Deutsche Bank breached the Note "by failing to abide by the Pooling and Servicing ("PSA") agreement governing the securitization procedure." Complaint, ¶ 18.  Ocwen purportedly breached the Note "by failing to timely notify Plaintiff of a change in the Loan characteristics" until Plaintiff requested that information. *Id.*, ¶ 19.  Neither set of allegations states a viable claim for breach of contract.

First, Plaintiff does not identify the provision of the Note which he contends Defendants breached by the conduct alleged.  "New York law is eminently clear that a proper breach of contract claim must identify specifically breached contract terms." *CreditSights, Inc. v. Ciasullo*, No. 05 CV 9345 (DAB), 2008 U.S. Dist. LEXIS 91481, *32 (S.D.N.Y. Sept. 5, 2008).

Second, a review of the Note, attached as Exhibit A to the Messinger Declaration, demonstrates that it does not create the obligations that Defendants are alleged to have

---

[2] All parties agree that New York law applies and, accordingly, the Court will apply this law to the breach of contract claims.

violated. Thus, the claims against both parties are subject to dismissal on these grounds.

### 2. Plaintiff Lacks Standing to Sue the Trust

Moreover, the Second Circuit has rejected the theory that a borrower may sue the trust owning his or her mortgage for breach of contract based upon the trust's supposed failure to comply with the governing Pooling and Servicing Agreement. *Rajamin*, 757 F.3d at 87. The Circuit Court held that a borrower lacks both constitutional and prudential standing "to enforce the agreements to which they were not parties and of which they were not intended beneficiaries." *Id.* In reaching this conclusion, the Circuit rejected a third-party beneficiary argument nearly identical to that asserted by Plaintiff. *See id.* ("Although noncompliance with PSA provisions might have made the assignments unenforceable at the instance of parties to those agreements, the district court correctly noted that plaintiffs were not parties to the assignment agreements. And plaintiffs have not shown that the entities that were parties to those agreements intended that plaintiffs—whose financial obligations were being bought and sold—would in any way be beneficiaries of the assignments. We conclude that the district court properly ruled that plaintiffs lacked standing to enforce the agreements to which they were not parties and of which they were not intended beneficiaries."). Accordingly, the breach of contract claim against Deutsche Bank must be dismissed.

### 3. Mortgage Servicers Not Parties to the Obligations They Service

Plaintiff concedes that Ocwen is only the servicer of the Mortgage. Complaint, ¶ 50. Servicers are not considered parties to the obligations they service and, as such, no breach of contract claim lies against them. *Mazzei v. Money Store*, 308 F.R.D. 92, 109 (S.D.N.Y.

6

2015) ("A significant majority of courts have concluded that loan servicers are not in privity of contract with mortgagors where the servicers did not sign a contract with the mortgagors or expressly assume liability."); *Pereira v. Ocwen Loan Servicing, LLC*, 11-CV-2672 (SJF)(ETB), 2012 U.S. Dist. LEXIS 56150, *7 (E.D.N.Y. Apr. 18, 2012) (dismissing breach of contract claim because "[t]he complaint does not allege that a contractual relationship ever existed between plaintiffs and Ocwen; at most, plaintiffs allege that Ocwen became the servicer of their mortgage loan"); *Petty v. Countrywide Home Loans, Inc.*, No. 3:12-6677, 2013 U.S. Dist. LEXIS 62042, *26-27 (S.D. W. Va. May 1, 2013) (collecting cases for the proposition that mortgage loan servicers are not parties to the mortgage and not liable for breaching it). Accordingly, the breach of contract claim against Ocwen must be dismissed.

### b. Declaratory Judgment

In Count II, Plaintiff requests that the Court enter a declaratory judgment that the Mortgage is void because it was allegedly separated from the Note, and because there is no valid chain of title by assignments to Deutsche Bank which comply with the Pooling and Servicing Agreement. Complaint, ¶¶ 140-154. These assertions are without merit.

New York courts have held that a mortgage cannot be invalidated in a declaratory judgment action because the mortgage has allegedly been separated from the underlying note. *See Ruiz v. Mortgage Elec. Registration Sys., Inc.*, 130 A.D.3d 1000, 1002 (2d Dep't 2015) ("The use of the term 'nullity' by the Court in [*Merritt v. Bartholick*, 36 N.Y. 44 (1867)], however, does not mean, as the plaintiff argued, that the mortgage instrument itself was rendered null or void, but rather, that the enforceable interest which was intended to be transferred by the assignment of the mortgage alone was ineffective, as 'no interest is

7

acquired by it.'" (citation omitted)).  Furthermore, an entity's lack of standing to enforce an instrument does not invalidate the debt or the mortgage securing it.  *See First Franklin Fin. Corp. v. Norton*, 132 A.D.3d 1423, 1424 (4th Dep't 2015).

In addition, Plaintiff's request for a declaratory judgment depends upon the supposed invalidity of the assignments by which Deutsche Bank came to own the Note. But that "argument, for reasons already discussed, is not one that plaintiff[] ha[s] standing to make." *Rajamin*, 757 F.3d at 91.  Consequently, Plaintiff's request for a declaratory judgment invalidating the Mortgage is rejected.

### c.  Leave to Replead

Plaintiff asks that he be allowed to replead any dismissed claim.  *See* Pl. Mem. L. pp. 1, 2, 3, 6, 7.  "'[T]his circuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6).'"  *Rojas v. Roman Catholic Diocese of Rochester*, 557 F. Supp. 2d 387, 400 (W.D.N.Y. 2008)(quoting *Porat v. Lincoln Towers Community Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006)).  Moreover,  *pro se* plaintiffs are normally afforded an opportunity to amend where a liberal reading of the complaint gives an indication that a valid claim might be stated. *See Carolina v. Rubino*, 2016 WL 1168695, at *3 (2d Cir. Mar. 25, 2016); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir.1999).   However, "where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."  *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest [ ] that the plaintiff has a claim that she has inadequately or

8

inartfully pleaded and that she should therefore be given a chance to reframe."); *Hidalgo v. Johnson & Johnson Consumer Companies, Inc.*, 2015 WL 8375196, at *4 (S.D.N.Y. Dec. 8, 2015)(While "it is the usual practice ... to allow leave to replead, . . . [w]here a plaintiff inadequately pleads a claim and cannot offer additional substantive information to cure the deficient pleading, granting leave to amend is futile and should be denied.")(citations and interior quotation marks omitted).

Plaintiff does not allege, or argue the existence of, facts that would support a viable claim against either of the Defendants.  He asserts only that "upon receiving leave to amend the complaint, [he] shall clearly state several plausible causes of action, both recognized under Federal law and New York law, and shall set forth the direct State and Federal remedies associated with each amended cause of action." Pl. Mem. L., p. 2.  While this contention is wholly conclusory and insufficient to support Plaintiff's obligation to assert facts supporting a plausible claim against either Defendant, the Court will, in an abundance of caution, grant Plaintiff leave to file an amended complaint.

## V.   CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss [dkt. #7] is GRANTED, and Plaintiff's Complaint is DISMISSED without prejudice to repleading.

Plaintiff is granted leave of thirty (30) days to file an amended complaint.  Plaintiff is advised that an amended complaint **supersedes in all respects** the prior pleading.  Therefore, if Plaintiff files an amended complaint, he **must properly allege in the amended complaint all factual bases for all claims asserted therein.**  The failure to file an amended complaint within this time frame will be deemed as an abandonment of all

9

claims against Defendants, and will result in judgment being entered against Plaintiff without further order by the Court.

**IT IS SO ORDERED**

Dated: May 6, 2016

*/s/ Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge