**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FAROOQ JOHN,**

                    **Plaintiff,**

          **vs.**                                                              **1:16-cv-00256**

**SOUNDVIEW HOME LOAN TRUST 2006-**
**OPT3, ASSET-BACKED CERTIFICATES,**
**SERIES 2006-OPT3, and OCWEN LOAN**
**SERVICING, LLC,**

                    **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

## I.    INTRODUCTION

Plaintiff Farooq John commenced this action *pro se* asserting breach of contract

claims and seeking declaratory relief related to a note and mortgage on his property located

in Rensselaer, New York. *See* Complaint, dkt. # 1.  Defendants, Deutsche Bank National

Trust Company, as Trustee for Soundview Home Loan Trust 2006-OPT3, Asset-Backed

Certificates, Series 2006-OPT3 ("Deutsche Bank"),[1] and Ocwen Loan Servicing, LLC

("Ocwen" and, collectively with Deutsche Bank, the "Defendants"), moved to dismiss

_____

[1]The Complaint names Soundview Home Loan Trust 2006-OPT3, Asset-Backed Certificates, Series
2006-OPT3 as a defendant in this case. Because Plaintiff clearly intended to name the trustee, rather than
the trust itself, *see* Complaint, ¶ 5 ("[Soundview Home Loan Trust] is being named in this action as a legal
trustee and is the real party to this action."), Deutsche Bank has appeared, through counsel, to defend on
behalf of the trust.

Plaintiff's Complaint with prejudice. Dkt. # 7.  Plaintiff opposed the motion and indicated a desire to file an Amended Complaint.  Dkt. #11.  The Court granted the motion to dismiss but also granted Plaintiff leave to file an Amended Complaint. 05/06/16 Dec. & Ord., dkt. # 12.

Thereafter, Plaintiff filed an Amended Complaint, dkt. # 15, which Defendants now move to dismiss. Dkt. # 17.   Plaintiff has not opposed the motion.[2]  The Court has advised the parties that it will decide the papers based upon the submissions alone. 07/11/16 Text Order, dkt. # 19; *see also* N.D.N.Y. L.R. 7.1(h)("A motion may be disposed of without oral argument as described in General Order 25, . . . at the discretion of the presiding judge. Thus, the parties should be prepared to have their motion papers serve as the sole method of argument on the motion.").

For the reasons that follow, the motion is granted and the Amended Complaint is dismissed with prejudice.

## II.    DISCUSSION

The Court presumes familiarity with the May 6, 2016 Decision and Order in this case, dkt. # 12, wherein the Court set forth the applicable legal standards for dismissal motions and the claims made in this action. The Court will not repeat those standards but will incorporate both here.

Plaintiff is the owner of certain real property located at 8 Linden Avenue, Rensselaer, New York (the "Property").  Amended Complaint, ¶ 1.  On February 8, 2006, Plaintiff

---

[2]Defendants' motion contains a certificate of service on Plaintiff, dkt. # 17, "Notice of Motion to Dismiss," p. 2, and the Court Clerk's Office notified Plaintiff of the filing of the motion and that his opposition was due by July 22, 2016.  Dkt. # 18, "Court Notice to Plaintiff."

executed a note in the amount of $162,400 (the "Note"). *Id.*, ¶ 15; a copy of the Note is attached as Exhibit A to the Declaration of Brett L. Messinger ("Messinger Decl."). The Note was secured by a mortgage on the Property (the "Mortgage"). Messinger Decl., Ex. B. Soundview Home Loan Trust 2006-OPT3, Asset-Backed Certificates, Series 2006-OPT3, a REMIC trust, is the current owner of the Note and Mortgage.[3] Amended Complaint, ¶ 18. Deutsche Bank serves as trustee of the trust. Messinger Decl., ¶ 5. Ocwen is the servicer of the Mortgage. Amended Complaint, ¶ 19.

In Count I, Plaintiff alleges that Deutsche Bank breached the Note by: (1) "failing to notify Plaintiff in a timely manner that it was the Owner on the Loan," and (2) failing to file an assignment of mortgage with Rensselaer County. Amended Complaint, ¶¶ 18, 20-21, 29-42. Ocwen purportedly breached the Note "by failing to timely notify Plaintiff of a change in the Loan characteristics" until Plaintiff requested that information. *Id.*, ¶ 19. Neither set of allegations states a plausible claim for breach of contract.

Section 19 of the Mortgage, addressing the holder's right to transfer the Note or an interest therein,[4] does not require the holder of the Note to inform that borrower that it has come into possession of the Note or to record its ensuing interest in the Mortgage. Rather, Section 19 provides that notice shall be given of a change in loan servicer. Plaintiff does not, however, contend that he failed to receive notice that Ocwen would service his loan.

---

[3]The Complaint names Soundview Home Loan Trust 2006-OPT3, Asset-Backed Certificates, Series 2006-OPT3 as the defendant in this case. Deutsche Bank reports that because Plaintiff clearly intended to name the trustee, rather than the trust itself, *see* Amended Complaint, ¶ 5, Deutsche Bank has appeared, through counsel, to defend this action on behalf of the trust. Dkt. 12 at 1 n.1.

[4]Plaintiff mistakenly refers to this provision as Section 20. Amended Complaint, ¶ 20. In addition, Plaintiff references Section 15 (mistakenly cited as Section 16), which is merely a choice of law provision. Amended Complaint, ¶ 21.

The Mortgage also does not require the recording of an assignment of Mortgage. Furthermore, "when a note secured by a mortgage is assigned, the 'mortgage passes with the debt as an inseparable incident.'  The assignment of a mortgage need not be recorded for the assignment to be valid." *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 91 (2d Cir. 2014) (citations omitted).  Plaintiff fails to identify any provision of the Mortgage or New York law which Deutsche Bank allegedly breached.

The allegations against Ocwen in the Amended Complaint mirror the breach of contract claim it in the Complaint, which was already dismissed. *Compare* Amended Complaint, ¶ 19 *with* 05/06/16 Dec. & Ord., dkt. # 12, at 5-7.  There are no additional facts alleged in the Amended Complaint which change that result.  Thus, as was the case with Plaintiff's initial Complaint, the contract sued upon "does not create the obligations that Defendants are alleged to have violated." 05/06/16 Dec. & Ord., dkt. # 12, at 5-6. Consequently,  Plaintiff's breach of contract claim (Count I) must be dismissed.

In Count II, Plaintiff requests that the Court enter a declaratory judgment that the Mortgage is void because it was allegedly separated from the Note, and because there is no valid chain of title by assignments showing Deutsche Bank's ownership of the Mortgage. Amended Complaint, ¶ 44.  These assertions are without merit.

As this Court has already determined, "New York courts have held that a mortgage cannot be invalidated in a declaratory judgment action because the mortgage has allegedly been separated from the underlying note." 05/06/16 Dec. & Ord., dkt. # 12, at 7. "Furthermore, an entity's lack of standing to enforce an instrument does not invalidate the debt or the mortgage securing it." *Id.,* at 8.  Just as the Court determined in addressing the

Complaint, these holdings are fatal to Plaintiff's request for declaratory relief contained in the Amended Complaint.  Therefore, Count II must also be dismissed.

## V.    CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss [dkt. #17] is GRANTED, and Plaintiff's Amended Complaint is DISMISSED.  Because Plaintiff was previously granted leave to amend his Complaint yet failed to rectify the deficiencies contained therein, the dismissal of the Amended Complaint is with prejudice.  The Clerk of the Court may enter judgment in Defendants' favor and close this matter.

**IT IS SO ORDERED.**

Dated: August 4, 2016

Thomas J. McAvoy
Senior, U.S. District Judge